MEMORANDUM OF DECISION
GUERNSEY, C.J.
On September 14, 2008 the Plaintiff, a frequent patron of the Mohegan Sun Casino, checked into the Mohegan Sun Hotel, having taken the ferry from Long Island. She spent that day playing the slots, shopping and dining. The next morning, her intention was to check out from the hotel, have breakfast, and take the noon ferry from New London back to Orient Point. That morning, September 15, 2008, upon leaving her room and taking the elevator to the lobby, she checked her bag with the luggage check-in located a few feet from the front desk.
The Plaintiff testified that after checking out she turned, possibly intending to get a newspaper from a shop across the lobby. As she was walking towards the shop, she fell into a decorative pool of water, suffering injuries to her head, including a permanent indentation at the scalp line as the result of lost tissue. She seeks damages pursuant to the Mohegan Torts Code, MTC § 3-241 et seq.
The Plaintiffs status as a business invitee is unchallenged. At issue are whether the Defendant Mohegan Tribal Gaming Authority was negligent, whether such negligence, if found, was a substantial factor in producing Plaintiffs injuries, and whether the Plaintiffs actions constituted contributory negligence so as to reduce or bar recovery.[1]
In deciding these issues the Court had the opportunity not only to view the preserved video coverage of the accident, but also a physical viewing of the scene. The video coverage is of limited usefulness, inasmuch as the camera view was blocked by a large support column. It appears that the Plaintiff, after leaving the front desk, walked toward the pool, paused briefly, and then fell forward into the pool. The pause shown on the tape is consistent with the Plaintiff’s testimony that she put her hotel receipt in her handbag prior to falling. It can also be determined from the video is that the lobby was not crowded to the extent that the Plaintiff’s vision ahead was obscured.
*258 The Plaintiff testified that she does not recall what she was looking at, and that she had not seen the pool previously. She further testified that there were no planters around the pool, and no signs or ropes. Both Plaintiff and Defendant (as well as the Court) view the question of whether the pool was surrounded by planters as significant, both on the issues of the claimed negligence of the Defendant and any contributory negligence on the part of the Defendant. Having viewed the accident seene, the Court is of the opinion that if the pool were not set off from the rest of the lobby floor by something as noticeable as the large planters shown in Defendant’s Exhibit G(b), the raised edge of the pool (approximately six inches above the floor) would constitute a tripping hazard. With the planters in place, on the other hand, it is hard to conceive of anyone who was paying attention walking into the pool.
On this issue the Defendant offered the testimony of Mary Lou Morissette, the Defendant’s Director of Risk Management. According to Ms. Morrissette, the planters were on the date of trial in the same position they had always been in. The photographs introduced by the Defendant were taken on November 18, 2008[2], just over two months after the Plaintiffs accident, and clearly show large planters surrounding the pool.
Of significance to the Court are the photographs taken immediately after the aeci-dent by the responding Security Supervisor, Kevin Moro, which clearly show two large planters positioned at the edge of the pool, similar (if not identical) to the arrangement shown in Defendant’s Exhibit G(b). Based on the testimony of Ms. Mor-rissette, Defendant’s Exhibit G(b) and Defendant’s Exhibit B (the redacted Incident Report with the photographs), the Court finds that the Defendant has established by a preponderance of the evidence that the planters were in place at the time of the accident.
No expert testimony was presented by either party, nor is the same necessarily required. The Mohegan Torts Code defines negligence as follows:
Negligence means conduct that falls below the standard established by law or custom for the protection of others against unreasonable risk of injury or harm. The standard of conduct to which a person must conform to avoid being negligent is that of a reasonable person under similar circumstances....
MTC § 3-245. Having found that the planters were in place at the time of the accident and having viewed the scene, the Court finds that the conduct of the Plaintiff in walking between the planters does not meet the standard set forth in MTC § 3-245 to avoid being negligent. The Plaintiff, a very credible witness, did not recall what she was looking at when she fell[3] and could not state with any certainty *259 where it was that she fell. The Court finds by a preponderance of the evidence that the proximate cause of this accident was a moment of inadvertence on the part of the Plaintiff. The Court further finds that the Plaintiff has failed to prove that the conduct of the Defendant fell “below the standard established by law or custom for the protection of others against unreasonable risk of injury or harm.” MTC § 3-245.
Judgment shall enter for the Defendant.

. MTC § 3-251(b) provides that an award of damages shall be reduced "in proportion to the claimant’s contributory negligence, provided that the claimant shall recover nothing if the claimant's contributory negligence is determined to be greater than fifty (50) percent.”

. Ms. Morrissette testified that the photographs were computer-dated.

. Plaintiff's Exhibit 6, the Mohegan, Tribal Fire Department ambulance record, contains the following description:
Dispatched by Station U to Hotel Lobby for a trip and fall with laceration. Upon my arrival found 67 y/o female pt sitting upright on the edge of a fountain in care of first responder who is holding c-spine and direct pressure on a laceration. Pt states she wasn't paying attention and tripped and fell into the fountain....
Plaintiff’s Exhibit 7, the Backus Hospital records, gives and similar description (‘‘walked right into a fountain”).
Although the foregoing support the Court’s conclusion that the accident was the result of negligence on the part of the Plaintiff, that conclusion is based on the Court’s viewing of the premises and the photographic and other evidence establishing that the pool was sur *259 rounded by larger planters at the time of the accident.